D.W. NELSON, Circuit Judge:
Recordon & Recordon (“Recordon”) appeals the district court’s denial of its motion to dismiss for improper venue.[1] *984 In copyright infringement actions, venue is proper “in the district in which the defendant ... resides or may be found.” 28 U.S.C. § 1400(a). This circuit interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction. See Columbia Pictures Television v. Krypton Broad, of Birmingham, Inc., 106 F.3d 284, 289 (9th Cir.1997), rev’d on other grounds, Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998). Because Recordon would be subject to personal jurisdiction in the Northern District of California if it were treated as a separate state, we hold that venue was proper and affirm the decision of the district court.
1. Factual and Procedural Background
Appellant Recordon is a San Diego-based law firm composed of two attorneys, Kathy R. Recordon and Stephen G. Recordon. Recordon’s practice is limited to Southern California; it does not have, nor in the past did it ever have, any clients in the Northern District of California (“the Forum”). Recordon does not conduct any business, own any real or personal property, or maintain a mailing address or telephone listing in the Forum.
Appellee Brayton Purcell LLP (“Bray-ton Purcell”) is a law firm based in Novato, California, located within the Forum. Brayton Purcell markets itself as a leader in elder abuse law, with a practice extending throughout California. It maintains an extensive website providing information on its elder abuse practice, which it copyrighted effective October 7, 2002.
In July 2004, Recordon contracted with Apptomix, Inc., a web-design company with its principal place of business in San Diego County, to add an elder law section to Recordon’s website. Recordon claims this website “was designed for information only, was passive in nature, and was directed toward prospective clients located in San Diego County.”
Brayton Purcell discovered Recordon’s website using “Copyscape,” a tool that scours the internet for unauthorized use of copyrighted materials. The elder law section of Recordon’s website consisted entirely of material copied verbatim from, and without attribution to, Brayton Purcell’s own website.
Brayton Purcell filed suit against Recordon for copyright infringement, unfair competition, false advertising, and common law misappropriation.[2] Brayton Purcell alleged that Recordon “knowingly and purposefully directed their infringing-acts to this District, ... knowing Brayton Purcell is a resident of this District and would suffer any injuries ... in this District.” Brayton Purcell further alleged that Re-cordon “made commercial use of Brayton Purcell’s Website and of the copyrighted material ... [and] willfully, deliberately and knowingly used Plaintiffs copyrighted work for the purpose of promoting its business and attracting new business in the field of elder abuse law, in competition with [Brayton Purcell].”
Recordon filed a motion seeking, alternatively, dismissal pursuant to Fed. R.Civ.P. 12(b)(2) for lack of personal jurisdiction,[3] dismissal pursuant to Fed. R.Civ.P. 12(b)(3) for improper venue, or *985 change of venue under 28 U.S.C. § 1404(a). The district court denied Re-cordon’s motion. After a settlement conference, the parties agreed to submit to binding arbitration. The arbitrator found for Brayton Purcell, and the district court entered judgment in its favor. Recordon has appealed only the district court’s denial of its motion to dismiss for improper venue, not the entry of judgment on the arbitration award.
II. Standard of Review
A district court’s rulings on personal jurisdiction and venue are reviewed de novo. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir.2006) (personal jurisdiction); Immigrant Assistance Project of the L.A. County Fed’n of Labor v. INS, 306 F.3d 842, 868 (9th Cir.2002) (venue). Although the burden is on the plaintiff to demonstrate that the court has jurisdiction over the defendant, in the absence of an evidentiary hearing, the plaintiff need only make “a prima facie showing of jurisdictional facts to withstand the motion to dismiss.” Pebble Beach, 453 F.3d at 1154 (internal quotation marks omitted). Additionally, “uncontroverted allegations in [plaintiffs] complaint must be taken as true, and conflicts between the facts contained in the parties’ affidavits must be resolved in [plaintiffs] favor.” Rio Props., Inc. v. Rio Int’l Interlink, 284 F.3d 1007, 1019 (9th Cir.2002); see also Pebble Beach, 453 F.3d at 1154 (“[F]or the purpose of this [prima facie] demonstration, the court resolves all disputed facts in favor of the plaintiff.”).
III. Discussion
In copyright infringement actions, venue is proper “in the district in which the defendant or his agent resides or may be found.” 28 U.S.C. § 1400(a). The Ninth Circuit interprets this statutory provision to allow venue “in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.” Columbia Pictures, 106 F.3d at 289.
This Court employs a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction:[4]
(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(2) the claim must be one which arises out of or relates to the defendant’s forum-related activities; and
(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.
Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir.2004) (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987)). Only the first prong is at issue in this appeal.
The first prong is satisfied by either purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, “are, in fact, two distinct concepts.” Pebble Beach, 453 F.3d at 1155. “A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort.” Schwarzenegger, 374 F.3d at 802 (internal citations omitted). Here, the underlying ac *986 tion is copyright infringement, which is often characterized as a tort. See Columbia Pictures, 106 F.3d at 289 (likening willful copyright infringement to an intentional tort). Purposeful direction is therefore the proper analytical framework in this case. See Schwarzenegger, 374 F.3d at 802.
This court evaluates purposeful direction using the three-part “Calder-effects” test, taken from the Supreme Court’s decision in Colder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). See Schwarzenegger, 374 F.3d at 803. Under this test, “the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.” Yahoo! Inc. v. La Ligue Contre Le Racisme Et L’Antisemitisme, 433 F.3d 1199, 1206 (9th Cir.2006) (en banc) (internal quotation marks omitted). There is no requirement that the defendant have any physical contacts with the forum. See Schwarzenegger, 374 F.3d at 803.

1. Intentional Act

 In this case, the “intentional act” element is easily satisfied. This Court “construe[s] ‘intent’ ... as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act.” Id. at 806. Recordon committed an intentional act when it created and posted an elder law section on its website that infringed Brayton Purcell’s copyright. Cf. id. (placing a newspaper advertisement was an intentional act); Rio Props., 284 F.3d at 1020 (operating a passive website was an intentional act); Bancroft & Masters, Inc. v. Augusta Nat’l Inc., 223 F.3d 1082, 1088 (9th Cir.2000) (sending a letter was an intentional act).

2. Express Aiming

The second part of the Calder-effects test requires that the defendant’s conduct be expressly aimed at the forum. See Pebble Beach, 453 F.3d at 1156. This Court has emphasized that “‘something more’ than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction,” Schwarzenegger, 374 F.3d at 805, and that “something more” means conduct expressly aimed at the forum, see Pebble Beach, 453 F.3d at 1156 (“We now conclude that ‘something more’ is what the Supreme Court described as ‘express aiming’ at the forum state.”) (quoting Bancroft, 223 F.3d at 1087).
It is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong. See Holland, Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 460 (9th Cir.2007) (“We consistently have held that a mere web presence is insufficient to establish personal jurisdiction.”); Pebble Beach, 453 F.3d at 1158 (“[W]e reject ... any contention that a passive website constitutes express! ] aiming.”). It is equally clear, however, that “operating even a passive website in conjunction with ‘something more’ — conduct directly targeting the forum — is sufficient to confer personal jurisdiction.” Rio Props., 284 F.3d at 1020. Thus, regardless whether a case involves the internet, the question remains whether the defendant’s conduct was expressly aimed at the forum.
“Express aiming is a concept that in the jurisdictional context hardly defines itself.” Bancroft, 223 F.3d at 1087. This much, however, is clear: “the [express aiming] requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.” Id.
*987 In its complaint, Brayton Purcell alleged that Recordon engaged in willful copyright infringement targeted at Bray-ton Purcell, which Recordon knew to be a resident of the Forum. Specifically, Bray-ton Purcell alleged Recordon individually targeted it by “willfully, deliberately and knowingly” making “commercial use of Brayton Purcell’s Website,” thereby placing Recordon in competition with Brayton Purcell in the field of elder abuse law. In a supporting affidavit, Brayton Purcell noted that elder abuse is a growing area of legal specialization, “and few law firms advertise and hold themselves out as experts in this field.” Brayton Purcell is a leader in this burgeoning specialty, with a practice extending throughout California. Given the paucity of firms with elder abuse expertise, any use of the infringing material by Recordon to advertise in Southern California places Recordon in direct competition with Brayton Purcell. Prospective clients in Southern California viewing the two firms’ websites are likely to be confused as to the material’s true author, and some may erroneously believe Brayton Purcell is the infringing party, harming its business reputation.
For purposes of plaintiffs prima facie jurisdictional showing, “uncontroverted allegations in ... [plaintiffs] complaint must be taken as true, and conflicts between the facts contained in the parties’ affidavits must be resolved in ... [plaintiffs] favor.” Rio Props., 284 F.3d at 1019; see Schwarzenegger, 374 F.3d at 800 (“Conflicts between parties over statements contained in affidavits must be resolved in the plaintiffs favor.”). Taking Brayton Purcell’s allegations and statements as true, Recordon individually targeted Brayton Purcell by making commercial use of Brayton Purcell’s copyrighted material for the purpose of competing with Brayton Purcell for elder abuse clients. Though Recordon maintained that its “Elder Law Section ... was directed toward prospective clients located in San Diego County,” this does not rebut Bray-ton Purcell’s allegation. That Recordon’s prospective clients reside outside the Forum is irrelevant as long as Recordon individually targeted Brayton Purcell, a Forum resident. Cf. Bancroft, 223 F.3d at 1087-88 (finding specific personal jurisdiction in California based on a letter sent to Virginia, because the letter individually targeted a California resident). Brayton Purcell has thus satisfied its burden of showing that Recordon expressly aimed its conduct at the Forum by individually targeting a known forum resident. See Bancroft, 223 F.3d at 1087; see also Columbia Pictures, 106 F.3d at 289 (“Columbia alleged, and the district court found, that Feltner willfully infringed copyrights owned by Columbia, which, as Feltner knew, had its principal place of business in the Central District. This fact alone is sufficient to satisfy the ‘purposeful availment’ requirement.”).
This court’s decisions in Pebble Beach and Schwarzenegger are not to the contrary. In Pebble Beach, California’s Pebble Beach golf resort sued defendant for trademark infringement. 453 F.3d at 1154. The defendant operated a bed and breakfast called “Pebble Beach,” which was “located on a cliff overlooking the pebbly beaches of England’s south shore.” Id. at 1153. Defendant maintained a passive website advertising his business. Id. The “only acts identified by Pebble Beach as being directed at California are the website and the use of the name ‘Pebble Beach’ in the domain name.” Id. at 1156. Reaffirming that express aiming is satisfied by individualized targeting, the court held that the defendant, by merely registering and operating a passive informational website, “engaged in no ‘individualized targeting.’ ” Id. at 1157. Here, in contrast, Recordon has done more than merely maintain a passive website. By plagiariz *988 ing Brayton Purcell’s website verbatim, Recordon allegedly placed the two law firms in competition in the area of elder abuse law and created confusion among potential clients as to the true authorship of the elder abuse material. This individualized targeting distinguishes the instant case from Pebble Beach.
In Schwarzenegger, the court held defendant’s use of Arnold Schwarzenegger’s image in a local Ohio newspaper insufficient to confer jurisdiction because the advertisement “was expressly aimed at Ohio rather than California.” 374 F.3d at 807. The court found no individual targeting because “[t]he Advertisement was never circulated in California, and ... [defendant] had no reason to believe that any Californians would see it.” Id. In contrast, Recordon had every reason to believe prospective clients in Southern California would see the website — indeed, attracting new business was the point. Recordon also knew its conduct was likely to confuse and deceive potential clients as to the source of the elder abuse material. Recordon’s wrongful conduct placed it in direct competition for elder abuse clients with Brayton Purcell, an established expert in the field with a practice extending into Southern California. By thus individually targeting Brayton Purcell, a known Forum resident, Recordon expressly aimed its conduct at the Forum. Assuming the dissent is correct that something more than knowledge of the residence of the plaintiff is required for there to be express aiming at the Forum, such a requirement is satisfied here; the parties are competitors in the same business so that the intentional infringement will advance the interests of the defendant to the detriment of the Forum interests of the plaintiff. The express aiming prong is therefore satisfied.

3. Foreseeable Harm

The final element requires that Recordon’s conduct caused harm that it knew was likely to be suffered in the forum. See Yahoo!, 433 F.3d at 1206. The Court in Yahoo! clarified that this element does not require that the “brunt” of the harm be suffered in the forum, as some previous cases had suggested, and that this element may be established even if “the bulk of the harm” occurs outside the forum. Id. at 1207. This element is satisfied when defendant’s intentional act has “foreseeable effects” in the forum. See Bancroft, 223 F.3d at 1087. In this case, it was foreseeable that Brayton Purcell would be harmed by infringement of its copyright, including harm to its business reputation and goodwill, and decreased business and profits. It was also foreseeable that some of this harm would occur in the Forum, where Brayton Purcell was known to reside. Indeed, Brayton Purcell specifically alleged Recordon committed its “infringing acts ... knowing Brayton Purcell is a resident of this District and would suffer any injuries from Defendants’ conduct in this District.” Consequently, Brayton Purcell has satisfied the third and final element of the Calder-effects test.
TV. Conclusion
In sum, Recordon has satisfied the “purposeful direction” prong for specific personal jurisdiction. Because the parties did not dispute the remaining two prongs— that Brayton Purcell’s claim arises out of Recordon’s purposeful direction and that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice — Recordon is subject to personal jurisdiction in the Northern District of California. We therefore hold that venue was proper in the Northern District of California pursuant to 28 U.S.C. § 1404(a). The decision of the district court is AFFIRMED.
AFFIRMED

. Recordon waived its claim for transfer of venue. See Fed. R. App P. 28(a)(9); Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996).

. At a subsequent arbitration, Brayton Purcell dropped all claims except copyright infringement.

. The district court accurately noted that Re-cordon, as a resident of California, was unquestionably subject to personal jurisdiction in California, and thus its "motion is more properly characterized as a motion to dismiss for improper venue rather than for a lack of personal jurisdiction.”

. The district court properly found that Re-cordon is not subject to general personal jurisdiction in the Forum.