**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRAYTON PURCELL LLP, a
California partnership,
*Plaintiff-Appellee,*

v.

RECORDON & RECORDON, a
California partnership,
*Defendant-cross-claimant-*
*Appellant,*

v.

APPTOMIX INC.; JONATHAN LEE,
*Cross-defendants.*

No. 07-15383

D.C. No.
CV-04-04995-EMC

ORDER AND
OPINION

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, Magistrate Judge, Presiding

Argued and Submitted
October 21, 2008—San Francisco, California

Filed May 28, 2010

Before: Mary M. Schroeder, Dorothy W. Nelson and
Stephen Reinhardt, Circuit Judges.

Opinion by Judge D.W. Nelson;
Dissent by Judge Reinhardt

**COUNSEL**

Jacob D. Zamora, Law Office of Jacob D. Zamora, Marysville, California, for the defendant-appellant.

David W. Fermino, Brayton Purcell LLP, Novato, California, for the plaintiff-appellee.

## ORDER

The Opinion filed August 5, 2009, and published at 575 F.3d 981 (9th Cir. 2009), is hereby withdrawn and superceded by the Opinion filed concurrently herewith.

With the filing of the new opinion, Appellant's pending petition for rehearing en banc is DENIED as moot, without prejudice to refiling a subsequent petition for rehearing and/or rehearing en banc. *See* 9th Cir. G.O. 5.3(a).

## OPINION

D.W. NELSON, Circuit Judge:

Recordon & Recordon ("Recordon") appeals the district court's denial of its motion to dismiss for improper venue.[1] In copyright infringement actions, venue is proper "in the district in which the defendant . . . resides or may be found." 28 U.S.C. § 1400(a). This circuit interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction. *See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *rev'd on other grounds*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). Because Recordon would be subject to personal jurisdiction in the Northern District of California if it were treated as a separate state, we hold that venue was proper and affirm the decision of the district court.

---

[1]Recordon waived its claim for transfer of venue. *See* Fed. R. App. P. 28(a)(9); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

I.    FACTUAL AND PROCEDURAL BACKGROUND

Appellant Recordon is a San Diego-based law firm composed of two attorneys, Kathy R. Recordon and Stephen G. Recordon. Recordon's practice is limited to Southern California; it does not have, nor in the past did it ever have, any clients in the Northern District of California ("the Forum"). Recordon does not conduct any business, own any real or personal property, or maintain a mailing address or telephone listing in the Forum. The Recordons are both licensed to practice law in the state of California.

Appellee Brayton Purcell LLP ("Brayton Purcell") is a law firm based in Novato, California, located within the Forum. Brayton Purcell markets itself as a leader in elder abuse law, with a practice extending throughout California. It maintains an extensive website providing information on its elder abuse practice, which it copyrighted effective October 7, 2002.

In July 2004, Recordon contracted with Apptomix, Inc., a web-design company with its principal place of business in San Diego County, to add an elder law section to Recordon's website. Recordon claims this website "was designed for information only, was passive in nature, and was directed toward prospective clients located in San Diego County." Although Recordon's website includes only San Diego and Orange County phone numbers, the website does not restrict its promotion of the firm to Southern California or San Diego County, nor is there any indication that, as California-licensed attorneys, Recordon's practice is limited within California.

Brayton Purcell discovered Recordon's website using "Copyscape," a tool that scours the internet for unauthorized use of copyrighted materials. The elder law section of Recordon's website consisted entirely of material copied verbatim from, and without attribution to, Brayton Purcell's own website.

Brayton Purcell filed suit against Recordon for copyright infringement, unfair competition, false advertising, and common law misappropriation.[2] Brayton Purcell alleged that Recordon "knowingly and purposefully directed their infringing acts to this District, . . . knowing Brayton Purcell is a resident of this District and would suffer any injuries . . . in this District." Brayton Purcell further alleged that Recordon "made commercial use of Brayton Purcell's Website and of the copyrighted material . . . [and] willfully, deliberately and knowingly used Plaintiff's copyrighted work for the purpose of promoting its business and attracting new business in the field of elder abuse law, in competition with [Brayton Purcell]."

Recordon filed a motion seeking, alternatively, dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction,[3] dismissal pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue, or change of venue under 28 U.S.C. § 1404(a). The district court denied Recordon's motion. After a settlement conference, the parties agreed to submit to binding arbitration. The arbitrator found for Brayton Purcell, and the district court entered judgment in its favor. Recordon has appealed only the district court's denial of its motion to dismiss for improper venue, not the entry of judgment on the arbitration award.

## II.   STANDARD OF REVIEW

A district court's rulings on personal jurisdiction and venue are reviewed de novo. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (personal jurisdiction); *Immi-*

---

[2]At a subsequent arbitration, Brayton Purcell dropped all claims except copyright infringement.

[3]The district court accurately noted that Recordon, as a resident of California, was unquestionably subject to personal jurisdiction in California, and thus its "motion is more properly characterized as a motion to dismiss for improper venue rather than for a lack of personal jurisdiction."

*grant Assistance Project of the L.A. County Fed'n of Labor v. INS*, 306 F.3d 842, 868 (9th Cir. 2002) (venue). Although the burden is on the plaintiff to demonstrate that the court has jurisdiction over the defendant, in the absence of an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Pebble Beach*, 453 F.3d at 1154 (internal quotation marks omitted). Additionally, "uncontroverted allegations in [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *see also Pebble Beach*, 453 F.3d at 1154 ("[F]or the purpose of this [prima facie] demonstration, the court resolves all disputed facts in favor of the plaintiff.").

## III. DISCUSSION

**[1]** In copyright infringement actions, venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The Ninth Circuit interprets this statutory provision to allow venue "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Columbia Pictures*, 106 F.3d at 289.

**[2]** This Court employs a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction:[4]

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum,

---

[4]The district court properly found that Recordon is not subject to general personal jurisdiction in the Forum.

thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Only the first prong is at issue in this appeal.

**[3]** The first prong is satisfied by either purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, "are, in fact, two distinct concepts." *Pebble Beach*, 453 F.3d at 1155. "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Schwarzenegger*, 374 F.3d at 802 (internal citations omitted). Here, the underlying action is copyright infringement, which is often characterized as a tort. *See Columbia Pictures*, 106 F.3d at 289 (likening willful copyright infringement to an intentional tort). Purposeful direction is therefore the proper analytical framework in this case. *See Schwarzenegger*, 374 F.3d at 802.

**[4]** This court evaluates purposeful direction using the three-part "*Calder*-effects" test, taken from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). *See Schwarzenegger*, 374 F.3d at 803. Under this test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en

banc) (internal quotation marks omitted). There is no requirement that the defendant have any physical contacts with the forum. *See Schwarzenegger*, 374 F.3d at 803.

### 1.   Intentional Act

In this case, the "intentional act" element is easily satisfied. This Court "construe[s] 'intent' . . . as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Id.* at 806. Recordon committed an intentional act when it created and posted an elder law section on its website that infringed Brayton Purcell's copyright. *Cf. id.* (placing a newspaper advertisement was an intentional act); *Rio Props.*, 284 F.3d at 1020 (operating a passive website was an intentional act); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000) (sending a letter was an intentional act).

### 2.   Express Aiming

**[5]** The second part of the *Calder*-effects test requires that the defendant's conduct be expressly aimed at the forum. *See Pebble Beach*, 453 F.3d at 1156. This Court has emphasized that " 'something more' than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction," *Schwarzenegger*, 374 F.3d at 805, and that "something more" means conduct expressly aimed at the forum, *see Pebble Beach*, 453 F.3d at 1156 ("We now conclude that 'something more' is what the Supreme Court described as 'express aiming' at the forum state.") (quoting *Bancroft*, 223 F.3d at 1087).

**[6]** It is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient to establish per-

sonal jurisdiction."); *Pebble Beach*, 453 F.3d at 1158 ("[W]e reject . . . any contention that a passive website constitutes express[ ] aiming."). It is equally clear, however, that "operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient to confer personal jurisdiction." *Rio Props.*, 284 F.3d at 1020. Thus, regardless whether a case involves the internet, the question remains whether the defendant's conduct was expressly aimed at the forum.

**[7]** In its complaint, Brayton Purcell alleged that Recordon engaged in willful copyright infringement targeted at Brayton Purcell, which Recordon knew to be a resident of the Forum. Specifically, Brayton Purcell alleged Recordon individually targeted it by "willfully, deliberately and knowingly" making "commercial use of Brayton Purcell's Website," thereby placing Recordon in competition with Brayton Purcell in the field of elder abuse law. In a supporting affidavit, Brayton Purcell noted that elder abuse is a growing area of legal specialization, "and few law firms advertise and hold themselves out as experts in this field." Brayton Purcell is a leader in this burgeoning speciality, with a practice extending throughout California. Given the paucity of firms with elder abuse expertise, any use of the infringing material by Recordon to advertise on its website places Recordon in direct competition with Brayton Purcell throughout California. Prospective clients in Northern California viewing the two firms' websites are likely to be confused as to the material's true author, and some may erroneously believe Brayton Purcell is the infringing party, harming its business reputation.

**[8]** For purposes of plaintiff's prima facie jurisdictional showing, "uncontroverted allegations in . . . [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in . . . [plaintiff's] favor." *Rio Props.*, 284 F.3d at 1019; *see Schwarzenegger*, 374 F.3d at 800 ("Conflicts between parties over statements contained in affidavits must be resolved in the

plaintiff's favor."). Taking Brayton Purcell's allegations and statements as true, Recordon individually targeted Brayton Purcell by making commercial use of Brayton Purcell's copyrighted material for the purpose of competing with Brayton Purcell for elder abuse clients. Though Recordon maintained that its "Elder Law Section . . . was directed toward prospective clients located in San Diego County," this conclusory denial does not rebut Brayton Purcell's allegation. While Recordon claims its practice is limited to Southern California, nothing on its website indicates to potential clients that Recordon's practice is so limited. In addition, Kathy and Stephen Recordon are licensed to practice throughout the state of California, enabling them to compete with Brayton within the Forum. Indeed, Brayton alleges that Recordon "willfully, deliberately and knowingly used Plaintiff's copyrighted work for the purpose of promoting its business and attracting new business in the field of elder abuse law, in competition with Plaintiff."

**[9]** This court's decisions in *Pebble Beach* and *Schwarzenegger* are not to the contrary. In *Pebble Beach*, California's Pebble Beach golf resort sued defendant for trademark infringement. 453 F.3d at 1154. The defendant operated a bed and breakfast called "Pebble Beach," which was "located on a cliff overlooking the pebbly beaches of England's south shore." *Id.* at 1153. Defendant maintained a passive website advertising his business. *Id.* The "only acts identified by Pebble Beach as being directed at California are the website and the use of the name 'Pebble Beach' in the domain name." *Id.* at 1156. Reaffirming that express aiming is satisfied by individualized targeting, the court held that the defendant, by merely registering and operating a passive informational website, "engaged in no 'individualized targeting.' " *Id.* at 1157. Here, in contrast, Recordon has done more than merely maintain a passive website. By plagiarizing Brayton Purcell's website verbatim, Recordon allegedly placed the two law firms in competition in the area of elder abuse law and created confusion among potential clients as to the true authorship of the

elder abuse material. This individualized targeting distinguishes the instant case from *Pebble Beach*.

**[10]** In *Schwarzenegger*, the court held defendant's use of Arnold Schwarzenegger's image in a local Ohio newspaper insufficient to confer jurisdiction because the advertisement "was expressly aimed at Ohio rather than California." 374 F.3d at 807. The court found no individual targeting because "[t]he Advertisement was never circulated in California, and . . . [defendant] had no reason to believe that any Californians would see it." *Id.* In contrast, Recordon had every reason to believe prospective clients in Northern California would see the website—indeed, attracting new business was the point. Recordon also knew its conduct was likely to confuse and deceive potential clients as to the source of the elder abuse material. Recordon's wrongful conduct placed it in direct competition for elder abuse clients with Brayton Purcell, an established expert in the field with a practice throughout California. Recordon's conduct was intentional, wrongful, and aimed at Brayton. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1319-24 (9th Cir. 1998) (finding that the exercise of personal jurisdiction was appropriate where the defendant engaged in a scheme to register the plaintiff's trademark as domain names to extort money, which the defendant knew would injure the plaintiff in California).

Thus this case is unlike *Cybersell v. Cybersell*, 130 F.3d 414 (9th Cir. 1997), where there was no evidence that the defendant even knew of the existence of plaintiff. Here, Recordon knew of Brayton Purcell's existence, targeted Brayton Purcell's business, and entered direct competition with Brayton Purcell.

**[11]** Given the paucity of elder abuse law firms, and the fact that Recordon used the same website, Recordon's actions placed it in direct competition with Brayton in Northern California. Furthermore, that Recordon entered the same specialty and practiced in the same state made Brayton Purcell's allega-

tion that Recordon copied the website "for the purpose of promoting [Recordon's] business and attracting new business . . . in competition with [Brayton Purcell]" even more plausible. Anyone in Northern California searching for a law firm specializing in elder abuse would have been confused when choosing between Brayton Purcell's and Recordon's web sites. Prior to copying Brayton Purcell's website, Recordon did not specialize in elder abuse law and it targeted Brayton Purcell individually by copying its website and competing for the same customers. The express aiming prong is therefore satisfied.

### 3.  Foreseeable Harm

[12] The final element requires that Recordon's conduct caused harm that it knew was likely to be suffered in the forum. *See Yahoo!*, 433 F.3d at 1206. The Court in *Yahoo!* clarified that this element does not require that the "brunt" of the harm be suffered in the forum, as some previous cases had suggested, and that this element may be established even if "the bulk of the harm" occurs outside the forum. *Id.* at 1207. This element is satisfied when defendant's intentional act has "foreseeable effects" in the forum. *See Bancroft*, 223 F.3d at 1087. In this case, it was foreseeable that Brayton Purcell would be harmed by infringement of its copyright, including harm to its business reputation and goodwill, and decreased business and profits. It was also foreseeable that some of this harm would occur in the Forum, where Brayton Purcell was known to reside. Indeed, Brayton Purcell specifically alleged "a substantial part of the events giving rise to the claims herein occurred in [the Northern] District" and Recordon committed its "infringing acts . . . knowing Brayton Purcell is a resident of this District and would suffer any injuries from Defendants' conduct in this District." Consequently, Brayton Purcell has satisfied the third and final element of the *Calder*-effects test.

## IV. CONCLUSION

**[13]** In sum, Recordon has satisfied the "purposeful direction" prong for specific personal jurisdiction. Because the parties did not dispute the remaining two prongs—that Brayton Purcell's claim arises out of Recordon's purposeful direction and that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice—Recordon is subject to personal jurisdiction in the Northern District of California. We therefore hold that venue was proper in the Northern District of California pursuant to 28 U.S.C. § 1404(a). The decision of the district court is AFFIRMED.

**AFFIRMED**.

REINHARDT, Circuit Judge, dissenting:

As the majority recognizes, venue in this case was proper only if Recordon & Recordon "expressly aimed" its conduct at the Northern District of California. The majority here finds express aiming based entirely on (1) the foreseeable harm suffered by Brayton Purcell as a result of Recordon & Recordon's passive website, (2) Recordon & Recordon's knowledge of Brayton Purcell's residence in the Northern District, and (3) the fact that while Stephen and Kathy Recordon practice law in the Southern District exclusively, their law licenses are valid throughout the state, including the Northern District.[1] In doing so, the majority disregards controlling circuit authority, which establishes that "something more" than the "foreseeable effect" of an intentional tort com-

---

[1]The Northern District of California and the Southern District of California are treated like separate states for the purposes of establishing venue. *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *rev'd on other grounds*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

mitted against a party known to be a resident of the forum is required to establish venue. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) (internal quotation omitted). "Something more," however, must be "something more" than the unexercised right to practice law or otherwise do business in a particular forum.

Venue requires "conduct directly targeting the forum." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Because Recordon & Recordon's website was targeted exclusively at the Southern District, as the undisputed facts in the record reflect, its conduct was clearly not "expressly aimed" at the Northern District. *Pebble Beach*, 453 F.3d at 1158. Accordingly, the "expressly aimed" test was not met, and venue did not lie in the Northern District.

## I.

The undisputed record here establishes that Recordon & Recordon limited its legal practice to Southern California. The firm operated exclusively out of Southern California, practiced entirely in Southern California, and had never had any clients or legal work in the Northern District.[2] Accordingly, it is beyond dispute that the "elder law" material on Recordon & Recordon's website was directed toward clients or prospective clients in Southern California exclusively. The Recordons so stated in their declarations and Brayton Purcell submitted no affidavit or declaration stating otherwise. Brayton Purcell did not even allege in its complaint that the Recordons had in any way targeted prospective clients in the Northern District.

Venue was proper in the Northern District only if Recordon & Recordon " '(1) committed an intentional act, (2) *expressly aimed* at the [Northern District], (3) causing harm that [Recordon & Recordon] kn[ew] [was] likely to be suffered in the

---

[2]*See* Declarations of Kathy R. Recordon & Stephen G. Recordon.

[Northern District].' " *Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004)) (emphasis added). As the majority notes, the second prong, "express aiming," requires that Recordon & Recordon have engaged in "conduct directly targeting the forum," i.e. the Northern District. Maj. Op. at 7735 (quoting *Rio Props., Inc.*, 284 F.3d at 1019). The majority holds that Recordon & Recordon's conduct was "targeted" at the Northern District of California because Recordon & Recordon "ma[de] commercial use of Brayton Purcell's copyrighted material for the purpose of competing with Brayton Purcell for elder abuse clients." Maj. Op. at 7736. If Recordon & Recordon did compete, however, it did so only in the Southern District, where it practiced exclusively. That, of course, is quite the opposite of "directly targeting the forum."

The only fact actually linking Recordon & Recordon's actions to the Northern District was its knowledge of Brayton Purcell's residence in that district. The majority, however, sees such a link in the Recordons' possession of California law licenses. Maj. Op. at 7736. While the majority is correct that the Recordons are licensed to practice law throughout California, including the Northern District, that fact in no way demonstrates a direct targeting of the Northern District, any more than would the use of a passive website by any business that operated solely in Southern California with or without a license to do business throughout the state. The Recordons could not practice law in the Southern District without obtaining licenses to practice in the entire state of California. Possessing such a license no more converts behavior expressly aimed at the Southern District into conduct expressly aimed at the Northern District than would a foreign person's possession of a visa to come to the United States to solicit business in California constitute the basis for a holding that he was engaged in the direct targeting of the state of Iowa. Something more is required: specifically "conduct directly targeting" the

actual forum in question, not simply the unexercised legal right to target a broader geographic or political entity. No such targeting conduct exists here.

The majority seeks to avoid this basic deficiency in Brayton Purcell's pleading by transmuting the requirement that there be conduct directly targeting the forum into what it calls "individualized targeting," which, as used by the majority, turns out to mean an intentional act harming an individual or entity that the defendant knows to be a resident of the forum. Maj. Op. at 7736-37. But the law requires targeting of the forum *in addition to* causing foreseeable damage to one known to be a resident of the forum. Finding "express aiming" in the circumstances relied upon by the majority is contrary to the law of this circuit, which provides that express aiming constitutes a separate factor that must be met *in addition to* the two other factors: knowledge of the plaintiff's residence and an intentional tort causing harm to the plaintiff. In *Schwarzenegger v. Fred Martin Motor Co.*, for example, the defendant committed an intentional act of intellectual property infringement, the unauthorized use of Arnold Schwarzenegger's photograph in advertisements, knowing Schwarzenegger to be a Californian. 374 F.3d at 799, 807. That act ultimately caused Schwarzenegger harm. *Id.* at 807. Nonetheless, we found no "express aiming" because the advertisement was directed entirely at Ohio. *Id.* The court explained,

> Fred Martin's intentional act — the creation and publication of the Advertisement — was expressly aimed at Ohio rather than California. The purpose of the Advertisement was to entice Ohioans to buy or lease cars from Fred Martin and, in particular, to "terminate" their current car leases . . . . *It may be true that Fred Martin's intentional act eventually caused harm to Schwarzenegger in California, and Fred Martin may have known that Schwarzenegger*

*lives in California. But this does not confer jurisdiction, for Fred Martin's express aim was local.*

*Id.* (emphasis added). This passage from *Schwarzenegger* could not be clearer: Express aiming requires "something more" than an intentional, tortious act causing harm to a known resident of a state in order for that state to attain forum status. Here, it requires conduct designed "to entice" Northern Californians to retain Recordon & Recordon's services. Given that Recordon & Recordon provides such services only in Southern California, and has never provided such services to any resident of the Northern District, plaintiffs fail to meet the *Schwarzenegger* standard.

Likewise, in *Pebble Beach Co.*, the defendant maintained a passive website that infringed upon the trademark of a business known to him to be located in California — the Pebble Beach golf course and resort. 453 F.3d at 1153-54. Following *Schwarzenegger*, the court found no "express aiming" because the website was not directed at California. *Id.* at 1158. In language directly applicable here, the court explained, "where the sole basis for [finding express aiming] is a non-interactive passive website . . . . the fact that [the defendant's] website is not directed at [the forum] is controlling" and precludes a finding that venue is proper. *Id.* at 1158.

*Pebble Beach* and *Schwarzenegger* establish that knowledge of the plaintiff's residence and a foreseeable harm to the plaintiff are, standing alone, insufficient to establish express aiming. Renaming that insufficient combination "individualized targeting" cannot override the requirement that a defendant engage in conduct specifically directed at the district in which the plaintiff hopes to establish venue. Recordon & Recordon's actions involved nothing more than the maintaining of a non-interactive, passive website targeting customers in Southern California with knowledge that the owner of the material being improperly used lived in Northern California. Just as the purpose of the advertisement in *Schwarzenegger*

was to "entice" individuals in Ohio to buy automobiles in that state, the purpose of Recordon & Recordon's website was to entice potential customers in the Southern District to purchase Recordon & Recordon's legal services. The fact that Recordon & Recordon used a passive website rather than a print advertisement to attract customers is of no consequence: *Pebble Beach*, relying heavily on *Schwarzenegger*, establishes that, with regard to "express aiming," a passive, non-interactive website is treated no differently than a print advertisement. If a website is not directed at customers in a forum, the defendant's conduct in maintaining the website is not targeted at that forum. *Pebble Beach Co.*, 453 F.3d at 1158.

Here, the dispositive factor in the case is that Recordon & Recordon maintained its offices, practiced law, and litigated in the Southern District exclusively. No facts to the contrary are pled in the complaint and no contrary allegation is contained anywhere in the record. There is no indication, therefore, that Recordon & Recordon's website was directed to an audience other than one located entirely outside of Northern District. The closest the majority comes to questioning that fact is when it says that although the website shows that Recordon & Recordon's offices are in Southern District, it doesn't state expressly that the firm's practice is limited to that area. Maj. Op. at 7736. This is a rather feeble attempt at a negative pregnant, and does not constitute evidence of any kind that Recordon & Recordon has engaged in the practice of law in Northern District or directed its website at that District. Accordingly, *Pebble Beach* and *Schwarzenegger* preclude a finding of "express aiming."

In its attempt to evade the controlling authority, the majority asserts that *Pebble Beach* and *Schwarzenegger* are inapplicable because the disputed material on Recordon & Recordon's website "allegedly placed the two law firms in competition in the area of elder abuse law and created confusion among potential clients as to the true authorship of the elder abuse material." Maj. Op. at 7736-37. These conse-

quences, even were they true, would constitute nothing more than the "harm . . . suffered" by Brayton Purcell as a result of Recordon & Recordon's actions. *Yahoo! Inc.*, 433 F.3d. at 1206. In relying upon the foreseeable effects of Recordon & Recordon's actions to establish express aiming, the majority reduces the three distinct prongs of the test for personal jurisdiction to two, and adopts an approach to the express aiming requirement expressly rejected in *Pebble Beach*. As *Pebble Beach* explained, "showing 'effect' satisfies only the third prong of the [ ] test — it is not the 'something more' that is required" to establish express aiming. 453 F.3d at 1160.

## II.

Although the stakes of the particular dispute between Brayton Purcell and Recordon & Recordon are minor, the consequences of the majority's opinion will be major. By ignoring the rules established by *Schwarzenegger* and *Pebble Beach* and endorsed by *Yahoo! Inc.*, the majority undermines this circuit's recent efforts to bring clarity to the law of specific personal jurisdiction. Clear rules are important in this area, because personal jurisdiction is a threshold issue in every lawsuit and the erroneous exercise of personal jurisdiction deprives all subsequent proceedings of legal effect. Unfortunately, in abandoning the simple and easily applied rule established by *Schwarzenegger* and *Pebble Beach*, the majority substitutes the unguided suggestion that some in-forum effects amount to "express aiming," while others do not, and leaves litigants and lower courts without any clear principle by which to determine in what forum venue is appropriate.

More important, the majority opinion would permit a defendant who resides in Ohio, Florida, or Maine, thousands of miles from the Ninth Circuit, to be sued in the Northern District of California based on nothing more than his knowledge that a plaintiff whose intellectual property rights he allegedly infringed resides in San Francisco and the fact that the defendant could, if he wanted, do business in that District,

even if he has no intention of ever doing so. Under the majority's opinion, every website operator faces the potential that he will be hailed into far-away courts based upon allegations of intellectual property infringement, if he happens to know where the alleged owner of the property rights resides and he is not barred from doing business there. Due process and basic principles of fairness prohibit such an expansive exercise of personal jurisdiction.

Recordon & Recordon had no connection to the Northern District of California besides its knowledge of Brayton Purcell's residence there. Its website was targeted entirely at potential clients in the Southern District. *Pebble Beach* and *Schwarzenegger* are squarely on point and preclude a finding of express aiming in this case.

I respectfully dissent.