

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARIES MUSIC ENTERTAINMENT, INC., a Florida corporation,

        Plaintiff - Appellee,

  v.

ANGELICA'S RECORD DISTRIBUTORS, INC. and MELEK PORTILLO,

        Defendants - Appellants.

Nos. 11-55596, 11-56209

D.C. No. 2:10-cv-00782-RGK-JEM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted January 11, 2013**
Pasadena, California

Before: GOODWIN, HAWKINS, and WARDLAW, Circuit Judges.

    Angelica's Record Distributors and its President, Melek Portillo

("defendants") appeal the district court's order denying their Rule 55(c) motion to

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

set aside its entry of default judgment for copyright infringement, in violation of 17 U.S.C. §§ 101, 501. The defendants also appeal the district court's order dismissing their Rule 60(b) motion for relief from judgment. We affirm.

The district court did not abuse its discretion when it denied the defendants' Rule 55(c) and 60(b) motions. *See Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (Rule 55(c) motion); *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (Rule 60(b) motion). There were no notice or personal jurisdictional defects in the default judgment against either defendant. Both were properly served and had notice of the litigation, but failed to respond or appear, making the default judgment proper. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988).

The district court had personal jurisdiction over both defendants. Aries Music Entertainment has its principal place of business in California and is a resident of California for personal jurisdiction purposes. *See Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). The defendants willfully infringed Aries's copyright, in part by selling an infringing CD to a California resident. This activity gives rise to specific personal jurisdiction over the defendants because: (1) it was purposefully directed at a California resident; (2) Aries's claim against the defendants arise from this conduct; and (3) the exercise of

jurisdiction over the defendants is reasonable. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). Portillo's status as an employee does not shield her from personal jurisdiction, because she was a "primary participant[] in an alleged wrongdoing intentionally directed at a California resident." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

Although the district court did not specifically find that the defendants acted willfully when it awarded Aries $150,000 in statutory damages, it was not required to do so in this context. Aries specifically pled that the defendants engaged in continuing willful infringement of its copyrights. Therefore, the district court's default judgment includes an implied finding of willfulness. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008).

**AFFIRMED.**