NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD MORRISON, | No. 14-17414 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01604-VC |
| v. | |
| JOHN F. DIETZ; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Richard Morrison appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging due process violations arising from

the seizure and sale of his property.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1124, 1127 (9th Cir. 2010) (dismissal for lack of personal jurisdiction); *Rhoades v. Avon Products, Inc*., 504 F.3d 1151, 1156 (9th Cir. 2007) (dismissal for failure to state a claim under Federal Rule of Procedure 12(b)(6)).  We may affirm on any basis supported by the record.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm.

The district court properly dismissed the action against defendant Neustrom because Morrison failed to establish that the district court had specific personal jurisdiction over him.  *See Walden v. Fiore*, 134 S. Ct. 1115, 1122-23 (2014) (the relationship between the non-resident defendant and the forum must arise out of contacts that the defendant *himself* creates with the forum); *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 807 (9th Cir. 2004) (affirming dismissal of complaint against non-resident defendant for lack of personal jurisdiction because he did not expressly aim any acts towards forum state).

Dismissal of the action against defendants Dietz and Guidry was proper because Morrison failed to allege facts sufficient to show that Dietz and Guidry acted under color of state law.  *See Lugar v. Edmondson Oil Co*., 457 U.S. 922, 940-41 (1982) (private misuse of a state statute is not actionable under § 1983).

We do not consider arguments that were not presented to the district court.

2                                                          14-17414

*See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (declining to consider arguments not raised below).

**AFFIRMED.**