NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINA LAM, | No. 17-55865 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-00510-RGK-DTB |
| v. | |
| LIBERTY MUTUAL GROUP, INC., AKA Liberty Mutual; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Lina Lam appeals pro se from the district court's judgment dismissing her

diversity action arising from an automobile accident. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Brayton Purcell LLP v. Recordon &*

*Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (dismissal based on improper

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

venue); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (dismissal under Federal Rule of Civil Procedure 12(b)(6)). We affirm.

The district court properly dismissed Lam's claims against Martin and Multiple Concrete, Inc. because Lam failed to establish that these defendants reside in the Central District of California or that "a substantial part of the events or omissions giving rise to [her] claim[s]" occurred there. 28 U.S.C. § 1391(b)(1), (2) (describing where a civil action may be brought).

The district court properly dismissed Lam's claims against LM General Insurance Company (erroneously sued as Liberty Mutual, Inc.) because Lam failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (setting forth elements of a breach of contract claim); *Jonathan Neil & Assocs., Inc. v. Jones*, 94 P.3d 1055, 1068 (Cal. 2004) (setting forth elements of a claim for breach of the covenant of good faith and fair dealing).

The district court did not abuse its discretion by dismissing Lam's action without granting Lam leave to amend. *See Cervantes v. Countrywide Home Loans,*

*Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Martin and Multiple Concrete, Inc.'s request for sanctions, set forth in their answering brief, is denied.

**AFFIRMED.**