NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRELL JAMES PARKS, | No. 17-55092 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-00470-SVW-JCG |
| v. | |
| L FERGUSON, Correctional Counselor, sued in Individual/Personal Capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 13, 2018**

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Darrell James Parks, a federal prisoner, appeals pro se from the district

court's judgment dismissing his action brought under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Parks's claims against Lappin, Samuels, Dodrill, and Watts because the district court lacked personal jurisdiction over these defendants. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127-28 (9th Cir. 2010) (requirements for specific personal jurisdiction).

The district court properly dismissed Parks's retaliation claim against Ferguson and Tilton because Parks failed to allege facts sufficient to show that Ferguson and Tilton referred Parks for placement in the Special Management Unit ("SMU") because of earlier grievances Parks had filed against them. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court properly dismissed Parks's claim for deliberate indifference to his serious medical need because Parks failed to allege facts sufficient to show defendants knew of and disregarded an excessive risk to Parks's health by transferring him to SMU. *See Toguchi v. Chung*, 391 F.3d 1051, 1056,

17-55092

1057-60 (9th Cir. 2004) (setting forth elements for a deliberate indifference claim).

The district court properly dismissed Parks's conditions of confinement claim because Parks failed to allege facts sufficient to show that defendants denied Parks the minimal civilized measure of life's necessities. *See Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (setting forth elements of a conditions of confinement claim).

The district court properly dismissed Parks's due process claims because Parks failed to allege facts sufficient to show that his placement in SMU implicated a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484-85 (1995) (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

**AFFIRMED.**

17-55092