NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN GELASIO,

Plaintiff - Appellant,

v.

HARIS BIN ZAFAR; PROJECT ETHER
LIMITED,

Defendants - Appellees.

No. 24-7277

D.C. No.
3:24-cv-01555-JSC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Argued and Submitted February 10, 2026
San Francisco, California

Before: GOULD, FRIEDLAND, and MILLER, Circuit Judges.

Plaintiff Kevin Gelasio and Defendant Haris Bin Zafar collaborated to create

co-Defendant Project Ether Limited ("Project Ether"), a digital art project

involving the creation and sale of non-fungible tokens, also known as NFTs.

Gelasio alleges that he contributed over $750,000 to Defendants in return for

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

promises that he would be repaid and that he would have a share in the project's proceeds. According to his Complaint, when it came time for Gelasio to be repaid, Bin Zafar and Project Ether did not pay him. Gelasio also alleges that Bin Zafar surreptitiously recorded a conference call Gelasio was on and posted it to YouTube.

Gelasio, a California resident, sued Defendants in the Northern District of California, bringing a variety of claims including breach of contract and tort claims. Bin Zafar is a resident of the United Kingdom, and Project Ether is incorporated in Hong Kong and has its primary place of business in the United Kingdom. Defendants moved to dismiss for lack of personal jurisdiction, and the district court granted the motion. Gelasio appealed. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review de novo the district court's conclusion that it lacks personal jurisdiction over Defendants. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 749–50 (9th Cir. 2025) (en banc).

We use a three-part test to analyze specific personal jurisdiction:[1]

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the

---

[1] There is no argument in this case that Defendants are subject to general personal jurisdiction in California. This disposition evaluates specific personal jurisdiction over both Defendants jointly because that is how the issue was briefed by the parties.

privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 750–51 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). If Gelasio carries his burden of satisfying the first two prongs, then the burden shifts to Defendants to demonstrate that asserting jurisdiction over them would be unreasonable. *Id.* at 751.

We use the *Calder* effects test to analyze whether a tort was purposefully directed to the forum state. *Id.* (citing *Calder v. Jones*, 465 U.S. 783 (1984)). Under that test, purposeful direction "requires that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Id.* (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)).

While this appeal was pending, our court clarified in *Briskin* that "differential targeting" of the proposed forum state or a "forum-specific focus" are not needed to satisfy the express aiming element. *Id.* at 757 (citation modified). *Briskin* further clarified that contacts with a plaintiff who is physically in the forum state—and who the defendant knows is in the forum state—are relevant to

establishing express aiming, particularly when the defendant conducts regular business in the proposed forum state. *See id.* at 758–59.

Here, although Gelasio first reached out to Bin Zafar, Bin Zafar chose to make repeated requests for loans from Gelasio and chose to surreptitiously record a conference call with Gelasio, with the knowledge that Gelasio was in California. Defendants also employed a software engineer and attorney in the state, asked people they knew or should have known were California residents to promote Project Ether in return for getting access to an NFT presale, and offered to sell NFTs to California residents. Bin Zafar thereby "expressly aimed" conduct toward California. Defendants concede that the other two prongs of the *Calder* purposeful direction test are met, so the first prong of the test for specific personal jurisdiction is satisfied.

Gelasio's claims arise out of and relate to Defendants' contacts with California. Defendants' solicitation of loans from (and recording of) Gelasio took place while he was in California, and Defendants' other activities in the State were related to Project Ether, from which all of Gelasio's claims arise. The second prong of the specific personal jurisdiction test is therefore satisfied.

Because Gelasio has established that Defendants purposefully directed activity toward California and that his claims are related to that activity, the burden shifts to Defendants to "'present a compelling case' that the exercise of jurisdiction

is not reasonable." *Briskin*, 135 F.4th at 761 (quoting *Schwarzenegger*, 374 F.3d at 802). We use a seven-factor balancing test to assess whether asserting personal jurisdiction over a defendant would comport with principles of fair play and substantial justice:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* (quoting *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1096 (9th Cir. 2023)).

Of those factors, all except the seventh are either neutral, lean only slightly against jurisdiction, or favor jurisdiction in California. Although the seventh factor weighs against jurisdiction because alternative forums are available, that is insufficient to constitute a "*compelling* case" that the exercise of jurisdiction would be unreasonable here. *Roth v. Garcia Marquez*, 942 F.2d 617, 625 (9th Cir. 1991) (quoting *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 386 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991)).

**REVERSED.**