FILED

AUG 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT H. TOWNSEND, | No. 12-56559 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-09325-MWF-RNB |
| v. | |
| NATIONAL ARBITRATION FORUM, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Robert H. Townsend appeals pro se from the district court's judgment in his

action alleging federal and state law claims in connection with defendants'

arbitration and debt collection procedures.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Townsend's request for oral argument, set forth in his opening brief, is denied.

§ 1291. We review de novo a dismissal for lack of personal jurisdiction. *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 573 (9th Cir. 2011). We affirm.

The district court dismissed Townsend's claims against six individual defendants for lack of personal jurisdiction and permitted the suit to continue against other defendants. The district court then dismissed various defendants and claims with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and dismissed improperly joined defendants under Fed. R. Civ. P. 21. Townsend does not appeal the judgment as to the district court's Rule 12(b)(6) and Rule 21 rulings. Townsend appeals the judgment only insofar as the district court dismissed certain individual defendants for lack of personal jurisdiction, and denied Townsend's motion for reconsideration.

The district court properly dismissed defendants Frederick J. Hanna and Gerald E. Moore for lack of personal jurisdiction because these individuals did not have sufficient contacts with California to support assertion of general jurisdiction, and Townsend failed to make a prima facie showing that their actions satisfied the purposeful direction standard to support specific jurisdiction. *See Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2854 (2011) (discussing circumstances that warrant an exercise of general jurisdiction); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (discussing

requirements for specific jurisdiction).  Contrary to Townsend's contention, the district court did not apply a preponderance of the evidence standard in ruling on defendants' Fed. R. Civ. P. 12(b)(2) motion to dismiss.

The district court did not abuse its discretion by denying Townsend's Fed. R. Civ. P. 59(e) motion because Townsend did not identify any new evidence, change in law, clear error, or manifest injustice.  *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (explaining that "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

We reject Townsend's contentions concerning defendant Dennis Henry over whom the district court concluded it had specific jurisdiction before dismissing Henry as a defendant under Rule 21.

Because Townsend does not argue any discernable issues in his appeal regarding the district court's order dismissing claims for failure to state a claim, and dismissing improperly joined parties, we deem those issues waived.  *See Pierce v. Multnomah Cnty., Or.*, 76 F.3d 1032, 1037 n.3 (9th Cir. 1996) (issues not supported by argument in pro se brief are deemed abandoned).

Appellees' pending motions to withdraw or remove names from the appeal are denied as unnecessary.  The portion of the judgment dismissing claims as to these appellees was not appealed, and is not before this court.

Townsend's request that this court take judicial notice, set forth in his reply brief, is denied.

**AFFIRMED.**