**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LLS AMERICA LLC, | No. 15-35198 |
| Debtor, | D.C. No. 2:12-cv-00423-RMP |
| _____ | |
| BRUCE P. KRIEGMAN, solely in his capacity as court appointed Chapter 11 Trustee for LLS America LLC, | MEMORANDUM[*] |
| Plaintiff-Appellee, | |
| v. | |
| 1127477 ALBERTA LTD. and KEITH H. ALEXANDER, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted May 16, 2017[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  GOULD and PAEZ, Circuit Judges, and LEMELLE,*** District Judge.

Keith Alexander ("Alexander") used his company 1127477 Alberta Ltd. (the "Alberta Company") to funnel other investors' funds to LLS America LLC and its related entities (collectively, "LLS America"), which operated a Ponzi scheme.  In 2009, LLS America filed for bankruptcy, and Bruce Kriegman ("Kriegman") was subsequently appointed as the Chapter 11 Trustee to administer the estate.  Kriegman brought avoidance claims against Alexander and the Alberta Company (collectively, "Defendants") under the Bankruptcy Code, 11 U.S.C. §§ 544, 548, and the Washington Uniform Fraudulent Transfer Act, Wash. Rev. Code §§ 19.40 *et seq*.  Following a bench trial, the district court ruled in Kriegman's favor and issued a judgment against Defendants.

Defendants appeal, challenging the district court's (1) application of United States law, (2) exercise of personal jurisdiction over Alexander, (3) application of the relation-back doctrine, (4) disregard of the corporate form, and (5) conclusion that Defendants lacked good faith.  Defendants' arguments are unavailing, and we affirm.

***

***      The Honorable Ivan L.R. Lemelle, United States Senior District Judge for the Eastern District of Louisiana, sitting by designation.

**1.**     We review de novo questions of extraterritoriality.  *United States v. Ubaldo*, —F.3d—, 2017 WL 2485848, at *6 (9th Cir. June 9, 2017) (citing *United States v. Clark*, 435 F.3d 1100, 1106 (9th Cir. 2006)).  "It is a longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States."  *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 255 (2010) (internal quotation marks omitted).  Here, the district court properly applied United States law to a domestic matter.  Kriegman sought to avoid transfers made by LLS America, a company that was headquartered in Spokane, Washington.  Defendants' location in Canada does not indicate where the pertinent activity occurred; rather, the focus of Kriegman's avoidance claims is on LLS America's location, as the debtor, in the United States.  *See, e.g.*, 11 U.S.C. § 548 ("The trustee may avoid any transfer . . . *incurred by the debtor* . . . .) (emphasis added).

**2.**     We review de novo a district court's exercise of personal jurisdiction over a defendant.  *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010).  "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  *Schwarzenegger v. Fred Martin*

3

*Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). We apply the "purposeful availment" standard in evaluating Alexander's contacts with Washington, *see id.* at 802, and conclude that several aspects of his conduct demonstrate the requisite "minimum contacts." For example, Alexander reached out to LLS America to propose their collaboration, visited and made phone calls to the LLS America headquarters, and involved himself in substantial business dealings in Washington. *See Sher v. Johnson*, 911 F.2d 1357, 1363–64 (9th Cir. 1990) ("[L]ooking at the partnership's entire 'course of dealing' with the Shers related to this contract, including the calls and letters, the trips and the deed, we conclude that the partnership 'invok[ed] the benefits and protections' of the laws of [the forum state] for purposes of jurisdiction.") (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475, 479 (1985)). In turn, because Kriegman's claims relate to Alexander's activities in Washington, and because Defendants failed to "'present a compelling case' that the exercise of jurisdiction would not be reasonable," *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King*, 471 U.S. at 476–78), the district court's exercise of personal jurisdiction over Alexander was proper.

**3.** We review de novo application of the relation-back doctrine. *Williams v. Boeing Co.*, 517 F.3d 1120, 1132 (9th Cir. 2008). Rule 15(c)(1)(C) of

the Federal Rules of Civil Procedure governs whether Kriegman's amended pleading to add Alexander as a defendant relates back to the initial pleading that named only the Alberta Company as a defendant. Defendants argue that Kriegman knew about Alexander at the time he filed the initial complaint, and therefore cannot rely on application of the relation-back doctrine. Defendants' focus on Kriegman's knowledge is misplaced. "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Here, Alexander controlled the Alberta Company and reaped direct personal benefits in the course of the Ponzi scheme, and he knew or should have known that he would have been named as a defendant but for a mistake regarding his "status or role in the events giving rise to the claim at issue." *Id.* at 549. The district court thus correctly applied the relation-back doctrine.

4. "A district court's decision to disregard a corporate form and to impose liability under the equitable 'alter ego' doctrine is reviewed for clear error." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev't, Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001). Defendants argue that Kriegman failed to "prove that the Alberta Company was formed to avoid a duty to [him]." Kriegman, however, did not need

5

to prove that the Alberta Company was formed to evade a duty owed to him. Rather, under Washington law, he needed to prove "[f]irst, the corporate form [was] intentionally *used* to violate or evade *a* duty; [and] second, disregard [is] necessary and required to prevent unjustified loss to the injured party." *Meisel v. M & N Modern Hydraulic Press Co.*, 645 P.2d 689, 692 (Wash. 1982) (en banc) (emphasis added and internal quotation marks omitted). The district court did not clearly err in finding that the evidence presented by Kriegman satisfied this standard.

5. Finally, we review for clear error a district court's determination that a party lacked good faith. *See Hedlund v. Educ. Res. Inst. Inc.*, 718 F.3d 848, 854 (9th Cir. 2013). In an avoidance action, "courts look to what the transferee objectively 'knew or should have known' in [evaluating] questions of good faith, rather than examining what the transferee actually knew from a subjective standpoint." *In re Agric. Research & Tech. Grp., Inc.*, 916 F.2d 528, 535–36 (9th Cir. 1990). Here, there is ample evidence supporting the district court's determination that Defendants knew or should have known that LLS America was operating a Ponzi scheme, and the district court therefore did not clearly err in concluding that Defendants did not act in good faith. *See, e.g.*, Dist. Ct. Dkt. No. 98 at 11 (district court finding that "[i]n addition to red flags that are common

among most of [LLS America's] investors, such as missed payments, lack of financial statements, and high rates of return on investments with [LLS America], Defendants also should have been wary of the extremely lucrative compensation that [LLS America] offered in exchange for Defendants' efforts to bring new investors into the enterprise"). Although there is also evidence that weighs against such a finding, "[c]lear error review is deferential to the district court, requiring a 'definite and firm conviction that a mistake has been made.'" *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

**AFFIRMED.**