**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM RUPERT, | No. 15-15831 |
| Plaintiff-Appellant, | D.C. No. 5:12-cv-05292-BLF |
| v. | |
| SUSAN BOND; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted June 7, 2019**

Before:    FARRIS, TROTT, and SILVERMAN, Circuit Judges.

William Rupert appeals pro se from the district court's judgment dismissing

his action alleging violations of state law and the Racketeer Influenced and Corrupt

Organizations Act ("RICO") relating to a dispute arising out of Oregon estate

plans.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Hebbe*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (personal jurisdiction); *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643 (9th Cir. 2009) (dismissal based on *Noerr–Pennington*).  We affirm.

The district court properly determined that the California based defendants are immune from liability under the *Noerr–Pennington* doctrine because Rupert failed to allege facts sufficient to show that the defendants' actions to defend against Rupert's prior lawsuit were objectively baseless or deprived the litigation of its legitimacy.  *See id.* at 643-644 (under *Noerr–Pennington*, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct" (citation omitted)); *see also Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) (explaining circumstances where the "sham litigation" exception to the *Noerr–Pennington* doctrine applies).

The district court properly dismissed all claims against the non-resident defendants for lack of personal jurisdiction.  *See Walden v. Fiore,* 134 S. Ct. 1115, 1121-23 (2014) (discussing the requirements for specific personal jurisdiction and stating that "the plaintiff cannot be the only link between the defendant and the forum"); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-802 (9th Cir. 2004) (requirements for general and specific personal jurisdiction); *Butcher's*

15-15831

*Union Local No. 498, United Food & Comm. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) (requirements for nationwide service in an action alleging RICO violations).

The district court did not abuse its discretion in dismissing Rupert's complaint without leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave where amendment would be futile); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court's discretion to deny leave to amend is particularly broad when it has afforded plaintiff one or more opportunities to amend).

The district court did not abuse its discretion by denying Rupert's motions under Fed. R. Civ. P. 59(e) and 60(b) because Rupert failed to demonstrate any grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing grounds warranting reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiff's request for oral argument (Docket Entry No. 63) is denied.

**AFFIRMED.**

15-15831