**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANG VAN, INC., a California corporation, *Plaintiff-Appellant*, v. VNG CORPORATION, a Vietnamese corporation, *Respondent.* | No. 19-56452 D.C. No. 8:14-cv-00100-AG-JDE OPINION |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 17, 2021
Pasadena, California

Filed July 21, 2022

Before: Jay S. Bybee and Mark J. Bennett, Circuit Judges,
and Joseph F. Bataillon,[*] District Judge.

Opinion by Judge Bataillon

---

[*] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

# SUMMARY[**]

## Personal Jurisdiction/Rule 4(k)(2)

The panel reversed the district court's dismissal, for lack of personal jurisdiction, of a copyright infringement suit and remanded for further proceedings.

In a prior appeal, this court vacated a prior dismissal for lack of personal jurisdiction and remanded with instructions that plaintiff Lang Van, Inc., be permitted to undertake jurisdictional discovery. On remand, the district court granted defendant VNG Corporation's renewed motion to dismiss, finding that there was no specific personal jurisdiction in California over VNG, a Vietnamese corporation that released the Zing MP3 mobile music application in the Apple App Store and the Google Play store.

In assessing whether Lang Van established a prima facie case of jurisdiction, the panel analyzed jurisdiction under Federal Rule of Civil Procedure 4(k)(2), which provides for jurisdiction over foreign defendants that have ample contacts with the United States as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction. Under Rule 4(k)(2), the plaintiff must prove: (1) the claim at issue arises from federal law; (2) the defendant is not subject to any state's courts of general jurisdiction; and (3) invoking jurisdiction upholds due process. The plaintiff has the burden to show the first two

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

prongs, and the burden then shifts to the defendant to show that application of jurisdiction would be unreasonable.

The panel held that prong 1 was met because the case involved copyright infringement, a claim under federal law. Prong 2 was met because VNG asserted that it was not subject to the personal jurisdiction of any state court of general jurisdiction in the United States.

The panel held that under prong 3, first, there must be purposeful activities or transactions with the United States, with an act that shows defendant purposefully availing itself of the privileges of doing business in the United States; second, the claim must arise out of activities that are related to the United States; and third, the exercise of jurisdiction must comport with notions of fair play and substantial justice. There must also be intentional conduct by the defendant that creates the necessary contacts with the forum. In actions for claims such as copyright infringement, there must be purposeful direction under the *Calder* effects test, meaning that the defendant must have committed an intentional act that is aimed at the forum, and caused harm that the defendant knew would occur in the forum.

The panel concluded that VNG purposefully targeted American companies and their intellectual property. It released its Zing MP3 in English to the United States, contracted with U.S. businesses in conjunction with Zing MP3, and chose not to geoblock access to Lang Van's content on Zing MP3, which would have restricted the use of Zing MP3 in the United States or elsewhere outside of Vietnam. VNG thus had substantial contacts with the United States. The panel concluded that there was substantial evidence of intentional direction into the United States

market, and this evidence clearly supported Rule 4(k)(2) jurisdiction.

Rejecting VNG's argument regarding forum non conveniens, the panel concluded that venue in this case was not proper in Vietnam.

**COUNSEL**

Cory A. Baskin (argued), Brandon J. Witkow, and Erin C. Witkow, Witkow Baskin, Woodland Hills, California, for Plaintiff-Appellant.

Kelly L. Perigoe (argued), Michael D. Roth, and James A. Unger, Los Angeles, California; Quyen L. Ta, San Francisco, California; for Defendant-Appellee.

Megan L. Brown, David E. Weslow, Ari S. Meltzer, and Adrienne J. Kosak, Wiley Rein LLP, Washington, D.C., for Amicus Curiae Association of American Publishers, Inc.

John C. Ulin, Troygould PC, Los Angeles, California; Michael E. Kientzle, Arnold & Porter Kaye Scholer LLP, Washington, D.C.; for Amicus Curiae Copyright Alliance.

Robert H. Rotstein, Los Angeles, California; J. Matthew Williams, Washington, D.C.; for Amicus Curiae Motion Picture Association, Inc.

**OPINION**

BATAILLON, District Judge:

**BACKGROUND**

In 2014, Lang Van, Inc. ("Lang Van") filed a copyright infringement suit against VNG Corporation ("VNG"). VNG, prior to discovery or answer, moved to dismiss for lack of personal jurisdiction. The district court granted the motion on October 8, 2014. On October 11, 2016, the Ninth Circuit vacated and remanded the action to the district court with instructions that Lang Van be permitted to undertake jurisdictional discovery.

On remand from the Ninth Circuit, VNG filed a renewed motion to dismiss Lang Van's Second Amended Complaint, arguing (1) a lack of personal jurisdiction; (2) forum non conveniens; and (3) failure to state a claim. Senior District Judge Guilford issued an order granting the motion, finding there was no specific personal jurisdiction over VNG in California. The district court found that Lang Van failed to meet the first prong of the Ninth Circuit's specific personal jurisdiction test. The district court did not address the forum non conveniens and failure to state a claim arguments, nor did the district court address the issue of long-arm jurisdiction over VNG under Rule 4(k)(2) of the Federal Rules of Civil Procedure. VNG appealed, and we reverse.

**FACTUAL SUMMARY**

Lang Van, a California corporation, is a producer and distributor of Vietnamese music and entertainment. Lang Van owns copyrights to more than 12,000 songs and 600 original programs.

VNG is a Vietnamese corporation that originally developed online games but began the Zing MP3 website, which makes copyrighted music available for download, worldwide. In 2011, VNG released the Zing MP3 mobile application ("Apps") in the Apple App Store, and in 2012, in the Google Play store.

Lang Van served requests for production and special interrogatories on September 22, 2017. As of February 14, 2019, VNG had not supplied substantive information or documents. Subpoenas were also served on Google and Apple. They complied with the subpoenas and produced evidence. Lang Van contends these documents show that VNG intentionally chose to release the Apps into the United States; consented to California jurisdiction, choice of law, and venue; and allowed hundreds of thousands of downloads by Apple iOS users and tens of thousands by app-based users on Google's platform.

In addition, VNG sought and received trademark protection in the U.S. in 2010 for registration of its music-related services, which was granted; submitted screenshots of its services in the English language to the United States Patent and Trademark Office ("USPTO"); created geotargeted ads; and in 2013, admitted in correspondence that it had made Lang Van's songs available for download on Zing MP3 without Lang Van's authorization. A former VNG employee, Phan Duc Khoa ("Khoa"), testified in his deposition that he uploaded between 125 and 500 albums per month for VNG. VNG's 30(b)(6) representative, Nguyen Con Chinh, likewise testified that VGN did not use geoblockers to restrict access by U.S. users.

## STANDARD OF REVIEW

A dismissal for lack of personal jurisdiction is reviewed de novo. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). The plaintiff must show that jurisdiction is proper. *Id.* Plaintiff need only make a prima facie showing of jurisdiction. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)). To that end, "uncontroverted allegations in the complaint must be taken as true" and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The factual findings underlying the dismissal, however, are reviewed for clear error. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020).

## PARTIES' POSITIONS

Lang Van contends that personal jurisdiction exists over VNG, either under minimum contacts specifically directed at the State of California and/or under long-arm jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).[1]

---

[1] Fed. R. Civ. P. 4(k)(2) states: (2) Federal Claim Outside State-Court jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

VNG argues there is no evidence of intentional acts directed at California or the United States in this case. *See Calder v. Jones*, 465 U.S. 783, 787–89 (1984) (finding California is both the focal point and where the harm occurred). It further contends there is no meaningful evidence submitted by Lang Van to support specific jurisdiction. VNG asserts there is no evidence of an internal strategy to target California or the United States; no evidence that VNG generated revenue outside of Vietnam; no evidence of advertising contracts with California; and no specific instances of infringement set forth by Lang Van. VNG argues that Vietnam is the target market.

Additionally, VNG contends there is no relevant evidence to support personal jurisdiction because Lang Van has not demonstrated any downloading, streaming, or other act of infringement in the forum and "Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every [forum] in which it is accessed." *AMA Multimedia, LLC*, 970 F.3d at 1211 (quoting *Mavrix Photo, Inc.*, 647 F.3d at 1231). VNG argues that there must be something more than a "foreign act with foreseeable effects in the forum state." *Washington Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012), *abrogated on other grounds by Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064 (9th Cir. 2017).

In utilizing Rule 4(k)(2),[2] Lang Van argues the first factor is met because the claim is clearly federal, as it involves a copyright infringement; the second factor is likewise met because VNG is a foreign defendant from Vietnam, and nothing suggests that it could be subject to general jurisdiction in a state besides California. *See*

---

[2] *See supra* n.1.

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) ("[A]bsent any statement from . . . [defendant] that it is subject to the courts of general jurisdiction in another state, the second requirement of Rule 4(k)(2) is met.").

As for the third factor: "The due process analysis under Rule 4(k)(2) is nearly identical to the traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendants] and the forum state, we consider contacts with the nation as a whole." *Holland Am. Line Inc.*, 485 F.3d at 462 (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006)). However, once the plaintiff has satisfied the first two prongs, the burden then shifts to the defendant who must show that the jurisdiction would be unreasonable. *Washington Shoe Co.*, 704 F.3d at 672 (citing *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011)). The district court did not address the Rule 4(k)(2) argument, and instead, relied entirely upon VNG's use of *Walden v. Fiore*, 571 U.S. 277 (2014). Since the district court utilized Walden, not Rule 4(k)(2), it only considered VNG's contacts with California and never addressed whether VNG had purposely directed its activities toward the United States as a whole. Lang Van asserts this constitutes reversible error. *See Bradford Co. v. Conteyor N. Am., Inc.*, 603 F.3d 1262, 1272 (Fed. Cir. 2010) (finding legal error where district court "failed to analyze [defendant's] contacts with the United States as a whole [under Rule 4(k)(2)] and imposed an improper burden on the plaintiff.").

VNG argues that the Ninth Circuit recently determined that specific jurisdiction under Fed. R. Civ. P. 4(k)(2) of a copyright action concerning an interactive website did not

exist. *AMA Multimedia, LLC*, 970 F.3d at 1212 (affirming the dismissal for lack of 4(k)(2) specific jurisdiction). In the case at hand, argues VNG, music was uploaded in Vietnam on Vietnamese services to be used primarily by Vietnamese people residing in Vietnam. Additionally, "[d]iscovery demonstrated that only 0.2% of Zing website sessions, 0.3% of sessions on the Android App, and 1.1% of sessions on the iOS App originated in California. Even aggregating data for the United States as a whole, only 1.15% of sessions on the Website, 0.85% of sessions on the Android App, and 4.04% of sessions on the iOS App originated in the United States." Further, VNG contends that it received no revenue for Zing MP3 from California or the United States during the pre-January 22, 2014, time period.

Lang Van disagrees that *AMA Multimedia* is applicable here, as that case only considered whether one particular website provided jurisdiction and argues the Court must look to the total sum of the business contacts to see if there is "fair warning that a particular activity may subject [it] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted). Lang Van asserts the Court must look at the aggregate contacts to determine purposeful direction under Rule 4(k)(2). *Pebble Beach Co.*, 453 F.3d at 1158; *see also UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 354 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1057 (2021) (holding that even if relevant facts, considered individually, are insufficient to confer personal jurisdiction, the same facts, considered cumulatively, can render a defendant subject to personal jurisdiction).

## ANALYSIS

VNG contends that it is not subject to personal jurisdiction in any state's courts of general jurisdiction.[3] Accordingly, when assessing whether Lang Van has established a prima facie case of jurisdiction, the Court will analyze jurisdiction under Fed. R. Civ. P. 4(k)(2). *See Holland Am. Line, Inc.*, 485 F.3d at 461 (*"*If . . . the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir.), *as amended* (July 2, 2001))).

A. *Jurisdiction under Rule 4(k)(2)*

Rule 4(k)(2) was established in "respon[se] to the Supreme Court's suggestion that the rules be extended to cover persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction." *ISI Int'l, Inc.*, 256 F.3d at 551 (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 111 (1987)); *see also* Fed. R. Civ. P. 4(k)(2) advisory committee's note to 1993 amendment.

---

[3] The district court determined that VNG did not waive its right to object to personal jurisdiction. Lang Van argues that VNG has participated in this trial, discovery, hired attorneys, issued subpoenas, and participated in mediation. VNG argued a number of issues on the merits, and then challenged the Court's personal jurisdiction. However, although VNG appears to have been dilatory in the discovery responses on remand, in the context of this jurisdictional dispute it does not appear to rise to the level of waiver.

Accordingly, Rule 4(k)(2) uses virtually the same analysis as the *Calder* effects test for traditional state court personal jurisdiction, *see* 465 U.S. at 788–90, but the Court looks at the nation as a whole when reviewing contacts. Under Rule 4(k)(2), the plaintiff must prove: (1) the claim at issue arises from federal law; (2) the defendants are not subject to any state's courts of general jurisdiction; and (3) invoking jurisdiction upholds due process (namely, that jurisdiction is not unreasonable). *Pebble Beach Co.*, 453 F.3d at 1159. The plaintiff has the burden to show the first two prongs; the burden then shifts to the defendant to show application of jurisdiction would be unreasonable.

### Prong 1: Federal law claim

Under Rule 4(k)(2), the claim at issue must arise from federal law in order to exercise personal jurisdiction. *AMA Multimedia*, LLC, 970 F.3d at 1208. The first prong is met, as this matter clearly involves copyright infringement, which is a claim under federal law.

### Prong 2: Not subject to state jurisdiction elsewhere

The second prong is also met. "[A]bsent any statement from . . . [defendant] that it is subject to the courts of general jurisdiction in another state, the second requirement of Rule 4(k)(2) is met." *Holland Am. Line Inc.*, 485 F.3d at 462. Although Lang Van contends that VNG is subject to personal jurisdiction in California, VNG asserts that it is not subject to the personal jurisdiction of any state court of general jurisdiction in the United States. For the sake of our Rule 4(k)(2) analysis, we accept VNG's argument that it is not subject to specific personal jurisdiction in California. Since no other states have jurisdiction over this claim, and VNG did not concede that any other state has jurisdiction, this element is likewise met.

Prong 3: Due process

"The due process analysis under Rule 4(k)(2) is nearly identical to the traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the . . . [defendants] and the forum state, we consider contacts with the nation as a whole." *Holland Am. Line Inc.*, 485 F.3d at 462 (citing *Pebble Beach Co.*, 453 F.3d at 1159). First, there must be purposeful activities or transactions with the United States, with an act that shows defendant purposefully availing itself of the privileges of doing business in the United States, and thereby invoking the benefits and protections of its laws; second, the claim must arise out of activities that are related to the United States; and third, the exercise of jurisdiction must comport with notions of fair play and substantial justice. *Washington Shoe Co.*, 704 F.3d at 672; *Int'l Shoe Co. v. State of Wash.*, *Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). There must also be "intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 571 U.S. at 286. Walden requires the defendant to have ties to the forum "in a meaningful way," apart from simply knowing the plaintiff has ties to the forum. *Id.* at 290.

In actions for claims such as copyright infringement, there must be "purposeful direction" under the "[*Calder*] effects test." *Axiom Foods, Inc.*, 874 F.3d at 1069 (quotation marks omitted); *Calder*, 465 U.S. at 787–89. A defendant must have committed an intentional act that is aimed at the forum, and caused harm that defendant knew would occur in the forum. *See Axiom Foods, Inc.*, 874 F.3d at 1069.

Under Rule 4(k)(2), however, once the plaintiff has satisfied the first two prongs, the burden then shifts to the defendant to show that the jurisdiction would be

unreasonable. *Washington Shoe Co.*, 704 F.3d at 672 (citing *CollegeSource, Inc.*, 653 F.3d at 1076); *see also Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The facts of this case demonstrate that jurisdiction is reasonable.

VNG purposefully targeted American companies and their intellectual property. Khoa, a former employee of VNG testified that his job entailed sourcing, identifying, cataloging, and distributing content through Zing MP3 without regard to authorization from content owners, including Lang Van. According to Khoa's declaration, "Lang Van music was among the music that VNG specifically sought to obtain [for Zing MP3]." VNG offered over 2,800 of Lang Van's songs to the public through Zing MP3 and uploaded over 1,600 of Lang Van's songs to Zing MP3.

Although VNG argues its primary audience is in Vietnam, VNG released its Zing MP3 in English to the United States. Absent release by VNG, this app was not available in the United States. Making Zing MP3 accessible to those living in the United States was purposeful. Zing MP3 was downloaded more than 320,000 times in the United States by its mobile users, allowing these users to hold a voluminous collection of copyrighted material.

In addition, VNG contracted with U.S. businesses in conjunction with Zing MP3. Likewise, VNG chose not to geoblock access to Lang Van's content on Zing MP3 which would have restricted the use of Zing MP3 in the United States or elsewhere outside of Vietnam. The First Circuit has stated that "[i]f a defendant tries to limit U.S. users' ability to access its website . . . that is surely relevant to its intent not to serve the United States" and that the "converse is [also] true," such that the defendant's "failure to

implement such restrictions, coupled with its substantial U.S. business, provides an objective measure of its intent to serve customers in the U.S. market." *Plixer Int'l, Inc. v. Scrutinizer GmbH*, 905 F.3d 1, 9 (1st Cir. 2018). VNG clearly did not attempt to limit U.S. users' ability to access its website, even though deposition testimony indicates that it had the ability to geoblock users as of 2013, if not earlier.

In *AMA Multimedia*, which the Court finds to be easily distinguishable, the customers uploaded the content themselves. *AMA Multimedia, LLC*, 970 F.3d at 1210. In the present case, the defendant uploaded the content. VNG targeted the United States. VNG did not choose to opt out of the United States or geoblock the content. VNG thus had substantial contacts with the United States.

Moreover, VNG was well aware that its practice might violate U.S. law and, at the very least, affect U.S. interests. In 2015, VNG sent a letter to the United States Trade Representative ("USTR") regarding its contacts with the United States. It asked USTR to take VNG off the international list of internet pirates. In this letter, VNG states that it has "signed license contracts with U.S. studios like Sony Music and Universal Music to have copyrighted music streaming on Zing.MP3's sites." The letter further states its understanding of "the importance of working with U.S. Content Owners. Since 2012, Zing.vn has worked closely with Content Owners of online streaming and video on demand services. Zing.vn has worked with U.S. and non-U.S. companies on resolving specific IP concerns and improving standards for the protection of Intellectual Property." VNG also stated that it "would welcome opportunities for further cooperation with U.S. Content Owners and will continue to seek such opportunities." VNG admits in this 2015 letter that 10% of its revenue comes from

"selling traffic to advertisers" [for] "Western and other Asian content." These contacts clearly distinguish the *AMA Multimedia* case relied on by VNG.

During the trademark application process, VNG was asked to show that its brand name was used in commerce in the United States. In response, VNG sent screenshots in English to the USPTO. VNG intentionally sought support from the USTR in 2015 based upon its record "since 2012" of "signed license contracts" and "cooperation deals" with "U.S. studios" and its purported "long-term plan of lawful co-operation with the right holders . . . in the West."

Two courts have determined that a defendant "purposefully availed itself of the privilege of conducting business in the United States by distributing the Infringing [content] on platforms such as the Google Play store and Microsoft App store." *Blizzard Ent., Inc. v. Joyfun Inc Co., Ltd.*, No. SACV191582JVSDFMX, 2020 WL 1972284, at *6 (C.D. Cal. Feb. 7, 2020); *Goes Int'l, AB v. Dodur Ltd.*, No. 3:14-CV-05666-LB, 2015 WL 5043296, at *9 (N.D. Cal. Aug. 26, 2015). VNG failed to geoblock users in the United States from the Zing MP3 app but did geoblock U.S. users' access to certain U.S. studios, such as Universal Music. This selective geoblocking indicates purposeful conduct. Further, in 2012, VNG and Lang Van had been involved in negotiations and communications regarding the licensing of Lang Van's content on Zing MP3.

The Court finds that there is substantial evidence of intentional direction into the United States market. This evidence clearly supports Rule 4(k)(2) jurisdiction. Defendant's position is not only inconsistent but unreasonable in this regard. Jurisdiction, in accordance with Rule 4(k)(2), is reasonable given the defendant's contacts with the United States, as set forth herein.

B. *Venue*

The Court rejects defendant's argument regarding forum non conveniens in Vietnam. VNG argues that the more appropriate venue is Vietnam and is an alternative to dismissal of this case. While the district court acknowledged this argument, it did not specifically address it on the merits. This Court has "discretion to reach *forum non conveniens* even if the district court declined to consider it." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015). VNG contends that the majority of witnesses and evidence are in Vietnam, and issues of Vietnamese contracts and copyright law would be better decided in Vietnam.

Lang Van argues that these claims are without merit. It is clearly not more convenient for Lang Van, which is a California corporation, with its principal place of business in California. Further, Lang Van disagrees that alleged infringements of U.S. copyrights should be prosecuted in Vietnam. *See Halo Creative & Design Ltd. v. Comptoir Des Indes Inc.*, 816 F.3d 1366, 1373 (Fed. Cir. 2016) ("It is largely for this reason that district courts have routinely denied motions to dismiss on *forum non conveniens* grounds when United States intellectual property rights form the crux of the dispute."). Further, in 2018, the International Intellectual Property Alliance found, with regard to copyright enforcement, that "[Vietnamese] civil and criminal courts are not a realistic avenue for copyright owners . . . . To date, there have been relatively few civil court actions involving copyright infringement in Vietnam. The main reasons for this are complicated procedures, delays, and a lack of certainty as to the expected outcome. Building IP expertise must be a part of the overall judicial reform effort."

\* \* \*

The Court finds that venue in this case is not proper in Vietnam. Copyright cases concerning alleged unlawful activities purposely directed toward the United States are more amenable to suit in the United States for the reasons set forth herein. We reverse and remand for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**